IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DUDLEY ROSS GREEN and SHERYL N. GREEN, Co-Administrators of the Estate of HAILEY DANIELLE GREEN, Deceased, | ) ) ) ) | |
| | ) | Case No. 5:20-cv-52 |
| Plaintiffs, | ) ) | |
| v. | ) ) | By: Elizabeth K. Dillon United States District Judge |
| HUDSON INSURANCE COMPANY and SARAH T. MELTON, Administrator of the Estate of SAMUEL HUGHES MELTON, Deceased, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This declaratory judgment action relates to a car accident resulting in the deaths of Hailey Danielle Green and Dr. Samuel Hughes Melton. It was originally filed in the Circuit Court of Augusta County, then removed to federal court by defendant Hudson Insurance Company. The Estates of Green and Melton move to remand to state court. (Dkt. Nos. 11, 17.) The court held a hearing on these motions on November 12, 2020. (Dkt. No. 20.)

Hudson seeks a declaration as to whether it must indemnify the Melton Estate for any judgment obtained against the Melton Estate by the Green Estate in state court. Because such a judgment would be an unconstitutional advisory opinion, the court must remand this action to state court.

I.  BACKGROUND

In a separate lawsuit, Green's parents, as co-administrators of her Estate, filed a wrongful death suit against Dr. Melton's Estate in the Circuit Court for Augusta County. Dr. Melton's

Estate is contesting liability based on a sudden medical emergency.

At the time of the crash, Dr. Melton was employed by the Commonwealth of Virginia as the Secretary of the Department of Behavioral Health and Developmental Services.  He was, upon information and belief, driving his own vehicle from a work-related event in Harrisonburg back to his office in Richmond when he crashed into Hailey's car.  In the wrongful death suit, Dr. Melton's Estate has admitted that he was acting in the scope of his employment with the Commonwealth at the time of the crash.

Dr. Melton was insured by a personal automobile liability insurance policy issued by USAA, with limits of $500,000 per person per occurrence.  Dr. Melton was also a named insured in an umbrella policy issued by Hudson, with limits of liability of $2,000,000.  Finally, as an employee of the Commonwealth acting within the scope of his employment, Dr. Melton may have coverage under the Commonwealth of Virginia's Division of Risk Management (DRM) indemnification plan, with limits of liability of $2,000,000 per occurrence.  Thus, the Green and Melton Estates contend that if the Hudson policy covers the claims in the wrongful death suit, there is a total of $4,500,000 in indemnity for Dr. Melton's Estate.  Alternatively, if the Hudson policy does not cover the wrongful death suit, then, according to the Green and Melton Estates, there is only $2,500,000 in indemnity for the Melton Estate.

Hudson has disclaimed coverage for the Melton Estate in the wrongful death suit based on three exclusions found in the Hudson policy.  (Dkt. No. 1-1 at 3.)  The Green and Melton Estates thus brought this action seeking a declaratory judgment regarding Hudson's duty to indemnify.

## II.  ANALYSIS

### A.  Motion to Remand

Federal courts are of constitutionally limited jurisdiction.  "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction.  *Madden v. Petland Summerville, LLC*, No. 2:20-cv-02953-DCN, 2020 WL 6536913, at *2 (D.S.C. Nov. 6, 2020).  Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary."  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.  28 U.S.C. § 1441(a).  Original jurisdiction exists where a claim arises from federal law, 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, *see* 28 U.S.C. § 1332.

### B.  Diversity Jurisdiction

The caption of this matter reflects that the Melton Estate was named as a defendant. Hudson argues, and the Melton and Green Estates agree, that the Melton Estate should be realigned as a plaintiff.  As a result, the parties would be completely diverse, as is required to establish jurisdiction under § 1332.

The court also agrees, but it is not necessary to perform the requisite analysis[1] to determine if the parties should be realigned because, as set forth below, the court will exercise its discretion under the Declaratory Judgment Act and decline jurisdiction over this case.

## C.  Declaratory Judgment Act

Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).  This Act gives federal courts discretion to decide whether to declare the rights of litigants.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  The exercise of the court's jurisdiction is "informed by the teachings and experience [of the courts] concerning the functions and extent of federal judicial power." *Id.* at 287.  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and judicial administration." *Id.* at 288.

When there is an "ongoing proceeding in state court"—here, the wrongful death suit between the Green and Melton Estates—that "overlaps with the federal case"—this action seeking a declaratory judgment regarding Hudson's duty to indemnify —courts "must consider whether 'federalism, efficiency, and comity' counsel against exercising jurisdiction." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 202 (4th Cir. 2019).  In making this determination, courts look to: (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and

---

[1]  "First, the court must determine the primary issue in the controversy.  Next, the court should align the parties according to their positions with respect to the primary issue.  If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist."  *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995).

(4) whether the federal action is mere forum shopping.  *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994).  In addition to the *Nautilus* factors, the court in *Trustgard* emphasized that "courts should exercise their discretionary jurisdiction with caution when doing so would raise serious questions about Article III jurisdiction."  942 F.3d at 202.

In *Trustgard*, the court declined to exercise jurisdiction not just because of its analysis of the *Nautilus* factors, but also because the existence of subject matter jurisdiction over a suit like the case at bar, brought to decide whether an insurance contract "requires the insurer to pay any judgment . . . that might result from the ongoing state-court proceedings,"  was uncertain.  942 F.3d at 197, 199 ("Before we address the prudence of exercising jurisdiction under the Declaratory Judgment Act, we first note our uncertainty about whether we have Article III jurisdiction at all.").  The court explained that the alleged injury in the declaratory judgment action, the possible guarantee of a future judgment, was "of a hypothetical and contingent nature: the injury may or may not occur depending on the outcome of the state lawsuit."  *Id.* at 200.  With no state-court judgment against the insured, a decision in federal court concerning the "obligation to guarantee such a judgment will have no effect.  Thus, before any determination of liability, we risk issuing an advisory opinion."  *Id.*

The same uncertainty reigns over the instant action.  As in *Trustgard*, there is no state-court judgment against the Melton Estate in the wrongful death action.  Therefore, the court risks issuing an advisory opinion if it opines on Hudson's duty to indemnify.  District courts have uniformly followed the reasoning of *Trustgard* and declined to exercise jurisdiction instead of risking the issuance of an advisory opinion under the Declaratory Judgment Act.  *See, e.g.*, *Progressive N. Ins. Co. v. Jackson*, Civil Action No. 5:19-cv-2002, 2020 WL 4904824, at *3–4 (D.S.C. Aug. 20, 2020) (dismissing declaratory judgment claim sua sponte due to the *Trustgard*

decision); *Zahn v. Barr*, No. 2:19-cv-3553, 2020 WL 3440801, at *2–4 (D.S.C. June 23, 2020) (citing *Trustgard* as a basis to decline jurisdiction over a declaratory judgment action); *Old Republic Ins. Co. v. C&G Express Trucking, LLC*, No. 5:20-cv-82, 2020 WL 2772767, at *3 (E.D.N.C. May 28, 2020) (citing *Trustgard* as a basis to sua sponte dismiss a declaratory judgment action).

Hudson attempts to distinguish *Trustgard* based on the *Nautilus* factors.  The Estates concede that there are fewer factual and legal uncertainties pertaining to Hudson's coverage obligations in the present case than there were in *Trustgard*.  There are some, however.  This case involves three coverage exclusions which have not been confronted by the courts of Virginia.  Under *Nautilus*, state courts have an interest in interpreting their own law and deciding issues of first impression.  One exclusion seeks to use the "performance of activities in Dr. Melton's official capacity as a Commonwealth" as a basis to deny coverage.  (Dkt. No. 14 at 4.) Thus, the Commonwealth is an interested party, at minimum, and should the Commonwealth decide to intervene, this court cannot issue a judgment against the Commonwealth due to the Eleventh Amendment.  Ultimately, there is no analysis of the *Nautilus* factors that can circumvent the standing and ripeness issues presented by this lawsuit.

## III.  CONCLUSION

For the reasons stated herein, the motions to remand filed by the Estates of Green and Melton will be GRANTED.  The court will issue an appropriate order.

Entered: January 27, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

6